UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
THOMAS REED,

          Plaintiff,

  -against-

WATTS WATER TECHNOLOGIES,
INC., WATTS WATER REGULATOR
CO. INC., and EDWARDS PLATT &
DEELY INC.,

          Defendants.
---------------------------------------------------x

**MEMORANDUM AND ORDER**
15-CV-4524 (FB) (RLM)

*Appearances:*

*For the Plaintiff:*
GARY TODD CERTAIN
Certain & Zilberg PLLC
909 Third Avenue
28th Floor
New York, NY 10022

*For the Defendants:*
KELLY ROBRENO KOSTER
Eckert Seamans Cherin & Mellott, LLC
10 Bank Street
Suite 700
White Plains, NY 10606

**BLOCK, Senior District Judge:**

On October 6, 2015, Magistrate Judge Roanne Mann filed a Report and Recommendation (R&R) recommending the above-captioned case be remanded to New York state court. For the following reasons, the R&R is adopted.

**I**

Thomas Reed ("Reed"), a citizen of New York, complains of injuries he sustained while attempting to remove a wooden crate containing a Watts-trademarked industrial valve from a truck. He filed a personal injury action in New York state

court against Watts Water Technologies, Inc. and Watts Regulator Co. (collectively, "Watts") and Edwards Platt & Deely, Inc. ("Deely"), a regular seller and distributor of Watts products. The Watts corporations are incorporated in Delaware and Massachusetts, respectively, and have their principal places of business in Massachusetts. Deely is a New York corporation.

While the action was pending in state court, Watts served a subpoena *duces tecum* on Reed's employer, Ferguson Enterprises, Inc. ("Ferguson"). Ferguson's response included the delivery ticket of the shipment from which Reed was injured. The product code of one of the items on the delivery ticket indicated that the item was by a manufacturer that Deely does not distribute, and that the shipment originated in Virginia.

Watts removed the case to this Court invoking diversity jurisdiction despite the fact that Reed and Deely are both citizens of New York. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State."). As noted above, Judge Mann issued an R&R that recommending the action be remanded to New York state court. Watts timely objected to the R&R.

## II

When a party timely objects to a magistrate judge's recommendation, the district judge must make a de novo determination of the objected-to issues. 28 U.S.C. § 636(b). Watts objects to a remand to state court by invoking the doctrine of fraudulent joinder.

Watts argues that Reed fraudulently joined Deely to this action for the purpose of destroying diversity jurisdiction. Indeed, "a plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460-61 (2d Cir. 1998). To establish fraudulent joinder, "the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, *based on the pleadings*, that a plaintiff can state a cause of action against the non-diverse defendant in state court." *Id.* at 461 (emphasis added). Moreover, "the defendant seeking removal bears a heavy burden . . . , and all factual and legal issues must be resolved in favor of the plaintiff." *Id.*

Watts is unable to carry this heavy burden. Watts does not assert that the complaint contains "outright fraud," *id.,* but that Reed cannot state a cause of action against Deely. Reed's complaint alleges that "Defendant [Deely] was a regular seller

3

and distributor of WATTS . . . products," and that Deely "sold distributed and/or otherwise supplied certain WATTS trademarked commercial/industrial valve products packaged in crates constructed of wood." Complaint, ECF. 1-1 ¶¶ 10, 12. Reed also alleges, *inter alia*, that the defendants' (including Deely's) negligence in the design and distribution of the product was the proximate cause of his injuries. *Id.* ¶¶ 29-33. Accordingly, Reed's complaint sufficiently states a cause of action against Deely, a non-diverse defendant.

Watts argues, however, that the delivery ticket demonstrates that one of the products delivered was not a product that Deely distributes, and because that product shipped from Virginia, there is some "presumption" that the second product was also shipped from Virginia. However, to the extent questions remain as to who manufactured or distributed the second unidentified product on the delivery ticket, and where that product shipped from, the Court must resolve all factual issues in favor of Reed. *Pampillonia*, 138 F.3d at 461.

Lastly, in the name of judicial efficiency, Watts requests limited discovery for the purposes of determining the distributor of the second product to resolve whether Deely is an appropriate party to this action. The Court declines to authorize such limited discovery. Watts must establish fraudulent joinder, "based on the pleadings," *id.*, and the Court's determination of "removability is determined from the record before the court at the time the notice of removal . . . is filed in federal court."

WRIGHT & MILLER, 14B FEDERAL PRACTICE & PROCEDURE § 3723 (4th ed. 2009); *see also United Food & Comm. Workers Union v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (citing WRIGHT & MILLER for the above rule).

\* \* \*

For the foregoing reasons, the R&R is adopted. The case is remanded to state court.

**SO ORDERED.**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
November 19, 2015